Jonathan Gerard, WSB # 7-5245
Wyoming Criminal Defense Lawyers, LLC
P.O. Box 898
Lander, WY 82520
Phone: (307) 438-1757
Fax: (307) 222-6880
jon@WCDLawyers.com

Valerie Schoneberger, WSB # 7-4555
Wyoming Criminal Defense Lawyers, LLC
P.O. Box 898
Lander, WY 82520
Phone: (307) 438-3101
Fax: (307) 222-6880
val@WCDLawyers.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| LEVI T. CHANCELLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. _____ |
| LOGAN ALLEY, in his individual capacity as a | ) | |
| peace officer for the Riverton Police Department, | ) | |
| DON NETHICUMARA, in his individual capacity | ) | |
| as a peace officer for the Riverton Police | ) | |
| Department. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Levi T. Chancellor, Plaintiff, by and through the undersigned counsel,

and for his causes of action against the named Defendants, states as follows:

## I.    INTRODUCTION

On October 10, 2021, the Defendant officers were investigating a report of a trespass through a back yard at approximately 2:21 a.m. by two individuals wearing white t-shirts, with one carrying a backpack. Approximately thirty-seven minutes later, around 2:58 a.m., Defendant Nethicumara initiated a pretextual traffic stop on a gray SUV for a license plate lamp violation after a report that two individuals were observed getting into the SUV. Defendant Alley responded as backup for Defendant Nethicumara. Mr. Chancellor was not wearing a white t-shirt as described by the reporting party in the trespass call. Defendants demanded that Mr. Chancellor provide his name and date of birth, which Mr. Chancellor refused. After approximately sixteen minutes of interrogation by the Defendants, the Defendants forcefully and illegally arrested Mr. Chancellor, pinned him to the asphalt, tased him, and ignored Mr. Chancellor's repeated statements that he was injured, could not breath due to COVID-19, and needed time to recover before being placed in the caged portion of the patrol vehicle. Defendants ignored all of Mr. Chancellor's pleas.

Two months later, Mr. Chancellor filed a Motion to Suppress Evidence, and the State of Wyoming dismissed all charges against Mr. Chancellor prior to the suppression hearing. As a result of Defendant's illegal arrest and excessive use of force on Mr. Chancellor, Mr. Chancellor suffered physical injuries and spent ninety-six days incarcerated in the Fremont County Detention Center.

Mr. Chancellor seeks a consistent Judgment from this Court: one that finds the Defendant officers' conduct violated his constitutional rights, and award damages for the harms and losses caused by such conduct.

## II.    PARTIES,  JURISDICTION, AND VENUE

1.    This Court has jurisdiction over the subject matter of Plaintiff's claims and venue is proper in this Court. The acts complained of herein took place wholly within the District of Wyoming, to wit: Fremont County.

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, seeking compensatory and punitive relief for violations of Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    Plaintiff Levi T. Chancellor ("Chancellor") is, and was at the time the causes of action pled herein arose, a resident of Fremont County, Wyoming.

4.    Defendant Logan Alley ("Alley") was a sworn Wyoming peace officer employed by the City of Riverton, with his principal place of employment in Riverton, Fremont County, Wyoming.

5.    Defendant Don Nethicumara ("Nethicumara") is a sworn Wyoming peace officer employed by the City of Riverton, with his principal place of employment in Riverton, Fremont County, Wyoming.

6.    At all relevant times herein, Defendants were governmental actors for purposes of an action brought pursuant to 42 U.S.C. § 1983, and all actions complained of herein were undertaken by them under the color and authority of law.

7.    As a direct and proximate result of the unlawful acts, errors and omissions committed by the Defendants, Plaintiff suffered injuries and damages, including but not limited to, the following:

    a.  Violation of his constitutional rights under the Fourth Amendment to the Constitution of the United States be free from unlawful excessive force, and unlawful and unreasonable search and seizure;

    b.  Loss of his physical liberty;

    c.  Emotional trauma, pain and suffering, and the loss of enjoyment of life;

    d.  Loss of trust in law enforcement;

    e.  Loss of faith in the system of justice; and

    f.  Attorney's fees to reimburse the Wyoming State Public Defender.

## III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF AND CAUSES OF ACTION

8. Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

9. On October 10, 2021, at approximately 2:21 a.m., the Riverton Police Department received a 911 call from a homeowner at 500 East Lincoln Ave., Riverton, Wyoming, stating that two men had run through her yard.

10. The reporting party stated the men are no longer in her yard and must have jumped the fence to walk on the bike path.

11. She describes one of the men as wearing a backpack and both of them wearing white t-shirts.

12. At approximately 2:58 a.m., Riverton Police Dispatch reported that two men were seen on walking on the bike path near the vicinity of 500 E. Pershing Ave. in Riverton, Wyoming.

13. Riverton Police Department dispatch then reported that the two men were seen getting into a gray SUV.

14.     Defendant Alley observed a gray SUV traveling east on the 500 block of E. Pershing Ave.

15.     Defendant Nethicumara conducted a traffic stop on the gray SUV for having an inoperable license plate lamp.

16.     Defendant Alley arrived on scene to assist Defendant Nethicumara.

17.     Plaintiff Chancellor was seated in the rear driver's side seat when the Defendants made contact with him.

18.     Chancellor was wearing a bright blue hooded sweatshirt when Defendants made contact with him.

19.     The male passenger in the rear passenger side seat was wearing a black hooded sweatshirt.

20.     Neither chancellor nor the passenger in the rear passenger side seat match the description of the trespass suspects, who were reported to be wearing white t-shirts.

21.     Alley's body-worn camera captured the entire interaction between Alley and Chancellor, which is attached to this Complaint as Exhibits 1, 2, and 3.

22.     Nethicumara's body-worn camera also captured his interactions with Chancellor, which is attached to this Complaint as Exhibits 4 and 5.

23.     Nethicumara demanded that Chancellor provide his name and date of birth.

24.     Chancellor refused to provide his name and date of birth, and stated that he knows his rights, and that he is not required to provide his name and date of birth.

25.     A back and forth conversation continues for several minutes between Nethicumara, Chancellor, and Alley with both Defendants demanding that Chancellor provide

his name and date of birth, and Chancellor asserting his right to not provide his name and date of birth.

26.      Alley accuses Chancellor of trespassing, despite having no evidence to support the accusation.

27.      Alley commands Chancellor to exit the vehicle, and Chancellor initially declines.

28.      Nethicumara tells Chancellor that if does not exit the vehicle, he will forcefully remove him.

29.      Chancellor complies and exits the vehicle.

30.      Nethicumara and Alley continue to demand Chancellor's name and date of birth, and Chancellor continues to assert his right to not provide that information.

31.      Alley tells Chancellor that he will be arrested for misdemeanor interference if he does not provide his name and date of birth.

32.      Nethicumara also tells Chancellor that he will be arrested for misdemeanor interference if he does not provide his name and date of birth.

33.      Alley tells Chancellor "Last chance, give us your name or you're going to jail."

34.      Chancellor replies "No."

35.      Nethicumara grabs Chancellor by his left arm, and Alley tells Chancellor "Turn around and put your hand behind your back" to place handcuffs on Chancellor.

36.      Chancellor states "My name's Levi."

37.      Alley and Nethicumara force Chancellor face down onto the asphalt.

38.      Nethicumara deploys his taser into Chancellor's back.

39.      Chancellor's arm and hand were injured by the officers during the arrest.

40.      Chancellor is placed into the caged portion of the patrol vehicle.

41.    A subsequent inventory search of a backpack in the rear of the SUV revealed misdemeanor quantities of THC and methamphetamine.

42.    Chancellor was charged with Felony Possession of Methamphetamine, 3rd or Subsequent Offence, and misdemeanor Interference with a Peace Officer in the District Court, Fremont County, Ninth Judicial District.

43.    Chancellor was never charged with trespassing.

44.    On December 9, 2021, Chancellor filed a Motion to Suppress Evidence, asserting violations of his rights under the United States and Wyoming Constitutions. (Exh. 6).

45.    The District Court set the suppression motion for hearing on January 19, 2022.

46.    On January 12, 2022 the State of Wyoming moved to dismiss all charges against Chancellor before the suppression hearing was held. (Exh. 7).

47.    On January 13, 2022 the District Court granted the Motion to Dismiss. (Exh. 8).

48.    Chancellor spent ninety-six (96) days in the Fremont County Detention Center, awaiting trial.

49.    As a direct and proximate cause of the unlawful acts, errors, and omissions committed by the Defendants, Chancellor suffered harms and losses, including but not limited to:

   a. Violation of his constitutional rights under the Fourth Amendment to the Constitution of the United States to be free from unlawful search and seizure;

   b. Loss of his expectation of right to remain silent when questioned by law enforcement;

   c. Loss of his physical liberty;

   d. Physical injury to his person;

   e. Loss of personal security and integrity;

f.  Emotional trauma, pain and suffering, and the loss of enjoyment of life;

g.  Loss of trust in law enforcement.

50.  Chancellor now seeks money damages for his harms and losses, and for his attorneys' fees.

## IV.  FIRST CAUSE OF ACTION – UNLAWFUL  SEIZURE 42 U.S.C. § 1983 – FOURTH and FOURTEENTH AMENDMENT VIOLATIONS (against all Defendants)

51.  Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

52.  At all times herein, Plaintiff possessed the right, guaranteed by the Fourth and Fourteenth Amendments, to be free from unreasonable and unlawful seizure, interrogation, and arrest by those same police officers acting under the color of law.

53.  At all times herein, Plaintiff possessed the right, guaranteed by the Fifth Amendment to remain silent, and to be free from unreasonable and illegal arrest resulting from Plaintiff asserting his Fifth Amendment rights.

54.  At the time Defendants contacted Plaintiff, they lacked probable cause or reasonable suspicion that he had committed a crime.

55.  At the time Defendants contacted Plaintiff, Plaintiff repeatedly asserted his right to remain silent and to not provide his name and date of birth.

56.  Plaintiff repeatedly requested that the Defendants leave him alone.

57.  Plaintiff requested to speak with an attorney.

58.  Defendant repeatedly stated that he had not trespassed, and had not committed any crime.

59.  Defendants arrested Plaintiff for misdemeanor Interference with a Peace Officer for failing to provide his name and date of birth.

60. At the time Defendants arrested Plaintiff, they had unlawfully expanded the duration of the traffic stop and lacked objectively reasonable suspicion of criminal activity has occurred or is occurring. See *Feeney v. State*, 208 P.3d 50, 54-55 (Wyo. 2009).

61. No statute in Wyoming requires a passenger in a vehicle stopped for a traffic violation to identify himself/herself.

62. A *Terry* stop must be justified at its inception and reasonably related in scope to the circumstances which justified the initial stop. Defendants cannot arrest the Defendant for failure to identify himself if the request for identification is not reasonably related to the circumstances justifying the stop. *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humbolt City*, 542 U.S. 177, 188 (2004).

63. Interference with a Peace Officer occurs when a suspect "knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties." W.S. § 6-5-204(a)

64. Plaintiff's exercise of his Fifth Amendment right to remain silent and refusal to provide his name and date of birth is not a crime in Wyoming.

65. The Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled. *See United States v. Hubbell*, 530 U.S. 27, 34–38 (2000).

66. Defendants acted unlawfully and outside the scope of their official duties when they arrested the Defendant for refusing to provide his name and date of birth. *Mickelson v. State*, 886 P.2d 247, 250 (Wyo. 1994.)

67.     At the time Defendants arrested Plaintiff, no exigent circumstances justified the warrantless arrest.

68.     Defendants' seizure and arrest of Plaintiff was presumptively and objectively unreasonable, and illegal.

69.     As a result of this illegal seizure and arrest, Plaintiff was incarcerated for ninety-six (96) days in the Fremont County Detention Center before the charge was dismissed following Plaintiff's suppression motion.

70.     All acts and omissions by Defendants alleged herein were acts and omissions occurring within the course and scope of their employment with the Riverton Police Department, under the color and pretense of the laws, statutes, ordinances, regulations, customs and usage of the State of Wyoming and City of Riverton.

71.     As a direct and proximate cause of Defendants' actions and inactions, Plaintiff has been damaged in his person, suffering physical and emotional injury, and has been forced to incur attorneys' fees and costs, all to his damage and detriment in an amount to be proven at trial in this matter.

72.     Plaintiff is entitled to monetary damages for his injuries including, but not limited to, those set forth herein, against all Defendants, pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's constitutional rights, under color of law.

73.     Plaintiff is entitled to an award of punitive damages against all Defendants for their willful, wanton, reckless, and/or malicious acts.

[REMAINDER OF PAGE BLANK]

**V.    SECOND CAUSE OF ACTION – EXCESSIVE USE OF FORCE 42 U.S.C. § 1983 – FOURTH and FOURTEENTH AMENDMENT VIOLATIONS (against all Defendants)**

74.    Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

75.    At all times herein, Plaintiff possessed the right, guaranteed by the Fourth and Fourteenth Amendments, to be free from unlawful seizure and arrest, by those same police officers acting under the color of law.

76.    Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendment to the United States Constitution, Defendants owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary and unreasonable use of excessive force, to avoid unlawful activity, and to not act recklessly and indifferent to Plaintiff's safety and well-being.

77.    At the time Defendants contacted Plaintiff, they lacked probable cause or reasonable suspicion that he had committed a crime.

78.    While acting within the course and scope of their employment, Defendants carelessly, wrongfully, recklessly, and illegally arrested Plaintiff, and while arresting Plaintiff used physical force to pin Plaintiff face down on the asphalt and tasing him in his back.

79.    While Plaintiff was pinned to the ground, he begged the Defendants to stop, and told the Defendants that his hand was injured and his face was "in the asphalt."

80.    After standing Plaintiff up from the ground, Plaintiff told Defendants that he was out of breath, that had COVID-19, that his lungs hurt, and that his knees were injured by the Defendants.

81.    While being placed into the caged portion of the patrol vehicle, Plaintiff again begged for time to catch his breath, and told Defendants that he was unable to get into the car due to injuries sustained during the arrest including injuries to his arm and legs.

82.    Defendants ignored Plaintiff, and forced him into the patrol vehicle while threatening him with a taser.

83.    The above-described acts committed by Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from deprivation of life and liberty and to be free from a deliberate indifference to his safety and well-being all of which were violated, without due process of law, by the conduct of the Defendants as described herein.

## VI.    DAMAGES TO ALL DEFENDANTS

1.    Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

2.    Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

     a.    Violation of his constitutional rights under the Fourth Amendment to be free from illegal seizure and arrest;

     b.    Loss of physical freedom while incarcerated;

     c.    Past physical pain and suffering;

     d.    Emotional trauma, pain and suffering, and the loss of enjoyment of life;

     e.    Loss of trust in law enforcement;

     f.    Loss of faith in the system of justice;

     g.    Compensatory damages;

h.  Exemplary and punitive damages as well as costs of court;

i.  Attorneys' fees, pursuant to 42 U.S.C. § 1988, and other applicable laws, as more thoroughly set forth below.

j.  Prejudgment interest; and

k.  Post judgment interest.

## VII.   PUNITIVE DAMAGES

3.  Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

4.  As noted herein, all Defendants engaged in outrageous conduct.

5.  Defendants engaged in wanton misconduct with reckless disregard of the consequences and under circumstances that a reasonable person would know that such conduct would, in a high degree of probability, result in harm to Plaintiff in an amount to be proven at the trial of this matter.

6.  As a direct and proximate result of Defendant's outrageous conduct, Plaintiff should be awarded exemplary damages in addition to compensatory damages.

7.  This Complaint is submitted in good faith and it is respectfully submitted that the facts and circumstances in this matter will shock the governing body of the governmental agency, as well as the general public of Wyoming, into deterring such conduct in the future.

## VIII.   COSTS AND ATTORNEY FEES

8.  Plaintiff hereby incorporates all facts and allegations contained in the foregoing paragraphs by reference as if fully set forth herein.

9.  Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

## IX.   DEMAND FOR JURY

10.    Plaintiff hereby demands a trial by jury on all claims and factual issues in this action, and herewith submits the requisite jury fee together with his filing fee.

## X.    PRAYER FOR RELIEF

Plaintiff hereby prays for the following relief:

1.  For an award of compensatory damages for the physical and emotional injuries sustained by virtue of Defendants illegal seizure and arrest, and the injuries to his constitutional and civil rights – including having lost the peace and security while in the community, substantial incarceration, in an amount of be determined at trial;

2.  All economic losses on all claims allowed by law;

3.  For an award of punitive damages in an amount to be determined at trial;

4.  For attorneys' fees pursuant to 42 U.S.C. § 1988;

5.  For an award of costs incurred herein; and

6.  For any other relief the Court deems just and appropriate.

DATED October 9, 2025.

/s/ Jonathan Gerard
Jonathan Gerard, WSB # 7-5245
Wyoming Criminal Defense Lawyers, LLC
P.O. Box 898
Lander, WY 82520
Phone: (307) 438-1757
Fax: (307) 222-6880
jon@WCDLawyers.com

/s/ Valerie Schoneberger
Valerie Schoneberger, WSB # 7-4555
Wyoming Criminal Defense Lawyers, LLC
P.O. Box 898
Lander, WY 82520
Phone: (307) 438-3101
Fax: (307) 222-6880
val@WCDLawyers.com

*Attorneys for Plaintiff*